UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DAVID ANDREW NICHOLSON, | ) |
| | ) |
| Petitioner, | ) Case No. CV 06-5911 JVS (AJW) |
| | ) |
| v. | ) |
| | ) ORDER ADOPTING REPORT AND |
| J. F. SALAZAR, Warden, | ) RECOMMENDATION OF |
| | ) MAGISTRATE JUDGE |
| Respondent. | ) |
| _____ | ) |

Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court has reviewed the entire record in this action, the Report and Recommendation of United States Magistrate Judge ("Report"), Supplemental Report and Recommendation and Respondent's objections.  The Court concurs with and adopts the findings of fact, conclusions of law, and recommendations contained in the Report after having made a de novo determination of the portions to which objections were directed.

In its objection, the Respondent suggests that the Petitioner here is entitled to no more than an opportunity to be heard at a hearing and a reasoned decision.  (Objection to Report and Recommendation, p. 5, citing Greenholtz v. Inmates of Nebraska Penal and Correction Complex, 442 U.S. 1, 16 (1979).)  Whether that is a

1  correct statement of Supreme Court jurisprudence,[1] the Ninth Circuit

2  has mandated that this Court examine the some evidence "requirement"

3  not merely the procedures imposing it:

4

5          [C]ourts in this circuit facing the same issue in the

6          future, need only decide whether the California judicial

7          decision approving the governor's decision rejecting parole

8          was an "unreasonable application" of the California "some

9          evidence" requirement, or was "based on an unreasonable

10         determination of the facts in light of the evidence."

11

12  Hayward v. Marshall, 603 F.3d 546, 562-63 (9th Cir. 2010)(footnote

13  deleted).  As the Ninth Circuit subsequently noted in Pearson v.

14  Muntz, 606 F.3d 606, 610 (9th Cir. 2010), "That command can only be

15  read as requiring an examination of *how* the state court applied the

16  _____

17  [1]The Court believes it is not.  As Pearson makes clear:

18          Like many liberty interests that are enforceable under
            the federal Due Process Clause, a California prisoner's
            right to parole in the absence of "some evidence" of

19          current dangerousness arises from state law. 603 F.3d
            at 562-63. It is beyond doubt that state statutes, and

20          a fortiori state constitutions, "may create *611
            liberty interests in parole release that are entitled

21          to protection under the Due Process Clause." Bd. of
            Pardons v. Allen, 482 U.S. 369, 371, 107 S.Ct. 2415, 96

22          L.Ed.2d 303 (1987) (citing Greenholtz v. Inmates of
            Neb. Penal & Corr. Complex, 442 U.S. 1, 12, 99 S.Ct.

23          2100, 60 L.Ed.2d 668 (1979)). In California, the "some
            evidence" requirement is a component of that liberty

24          interest. A state has no duty under the federal
            Constitution to create any parole system at all, let

25          alone a parole system in which a prisoner must be
            released unless certain requirements have been

26          satisfied. See Greenholtz, 442 U.S. at 7, 99 S.Ct.
            2100; see also Hayward, 603 F.3d at 559-60. Once a

27          state creates such a system, however, it must operate
            it in a manner that comports with due process.

28
   Pearson, 606 F.3d at 610-11 (emphasis supplied.)

1    requirement." (Italics in original.)

2

3            The Magistrate Judge has ably marshaled the record to show

4    that the Board of Parole Hearings failed to put forth some evidence

5    that the Petitioner is a threat to public safety.   The Board's

6    decision was an "'unreasonable application'" of the California "'some

7    evidence'" requirement, [and] was "'based on an unreasonable

8    determination of the facts in light of the evidence.'"  Hayward, 603

9    F.3d at 563.

10

11           DATED:  July 7, 2010

12

13                                              _____

14                                              James V. Selna
                                                United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28